W. H. LOOMIS TALC CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2622. Promulgated July 7, 1944.

*Max Rolnik, C. P. A.*, for the petitioner.
*Sidney B. Gambill, Esq.*, for the respondent.

### OPINION.

SMITH, *Judge*: This is a proceeding for the redetermination of a deficiency in excess profits tax for the calendar year 1940 in the amount of $1,981.66. The question in issue is whether amounts paid by the petitioner in the calendar years 1936 to 1940, inclusive, in the settlement of claims of its employees for compensation and medical and hospital expenses arising from the injuries received by such employees in the course of their employment, such payments being made pursuant to awards of the New York State Industrial Board, come within the classification of "Deductions under section 23 (f) for losses arising from fires, storms, shipwreck, or other casualty," under section 711 (b) (1) (E), Internal Revenue Code, or within the classification of "Deductions attributable to any claim, award, judgment, or decree against the taxpayer," under section 711 (b) (1) (H), Internal Revenue Code.

The material facts have been stipulated as follows:

1. The petitioner, for all years pertinent to this proceeding, was a corporation organized under the laws of the State of New York with its principal place of business at 233 East Main Street, Gouverneur, New York. Since its incorporation, in 1919, petitioner has been continuously engaged in the mining and quarrying of nonmetallic talc and the sale of the mined products.

2. The petitioner, for all years involved in this proceeding, kept its books and filed its tax returns on an accrual basis and for taxable periods ending on December 31 of each year. Petitioner's excess profits tax return for the calendar year ended December 31, 1940 was filed with the Collector of Internal Revenue for the 21st District of New York.

3. Petitioner, in order to secure workmen's compensation to its employees for the calendar years 1936 through 1940, secured such compensation by furnishing satisfactory proof to the industrial commissioner of the State of New York of its financial ability to pay such compensation, and qualified under Section 50 of the Workmen's Compensation Law of the State of New York as self-insurer. The petitioner, in turn, was insured by Lloyd's of London against any one claim in excess of $5,000 and against total claims for any one year in excess of $100,000. No claim in excess of $5,000 was paid, however, in any year from 1936 to 1940, inclusive. During the calendar years 1936 through 1940 certain employees of the petitioner were injured in the course of their employment. Such injured employees filed with the petitioner and/or the New York State Industrial Board claims for compensation growing out of such injuries. Their claims were duly considered by the New York State Industrial Board as provided in the Workmen's Compensation Law of the State of New York, and the New York State Industrial Board made awards to such employees for their injuries. In some cases the awards covered medical and hospital expenses, and in other cases medical and hospital expenses were paid voluntarily by the petitioner. In petitioner's income tax returns for the calendar years 1936 through 1940 it claimed and was allowed the following deductions for amounts paid pursuant to the aforesaid awards of the New York State Industrial Board and its own voluntary payments of medical and hospital expenses aforesaid:

|  | 1936 | 1937 | 1938 | 1939 | 1940 |
|---|---|---|---|---|---|
| Compensation claims | $3,990.12 | $585.73 | $2,121.27 | $3,074.65 | $7,647.81 |
| Medical and hospital expenses | 520.50 | 542.50 | 2,467.97 | 3,558.96 | 702.13 |
| Total | $4,510.62 | $1,128.23 | $4,589.24 | $6,633.61 | $8,349.94 |

The applicable provisions of the statute are found in section 711, Internal Revenue Code (excess profits net income), added by section 201, Second Revenue Act of 1940; amended by sections 3 and 12 (b), Excess Profits Tax Amendments 1941; by section 202 (c) and (d), Revenue Act of 1941; and by sections 205 (b) and (c), 206, 207, 208, 209 (a) and (b), 210, 211, and 213, Revenue Act of 1942. Subsection (b) of such section provides in material part as follows:

(b) Taxable Years in Base Period.—

(1) GENERAL RULE AND ADJUSTMENTS.—The excess profits net income for any taxable year subject to the Revenue Act of 1936 shall be the normal-tax net income, as defined in section 13 (a) of such Act; and for any other taxable year

beginning after December 31, 1937, and before January 1, 1940, shall be the special-class net income, as defined in section 14 (a) of the applicable revenue law. In either case the following adjustments shall be made (for additional adjustments in case of certain reorganizations, see section 742 (e)):

\* \* \* \* \* \* \*

(E) Casualty, Demolition, and Similar Losses.—Deductions under section 23 (f) for losses arising from fires, storms, shipwreck, or other casualty, or from theft, or arising from the demolition, abandonment, or loss of useful value of property, not compensated for by insurance or otherwise, shall not be allowed;

\*. \* \* \* \* \* \*

(H) Payment of Judgments, and So Forth.—Deductions attributable to any claim, award, judgment, or decree against the taxpayer, or interest on any of the foregoing, if abnormal for the taxpayer, shall not be allowed, and if normal for the taxpayer, but in. excess of 125 per centum of the average amount of such deductions in the four previous taxable years, shall be disallowed in an amount equal to such excess.

Section 23 (f), Internal Revenue Code, provides for the allowance of a deduction in computing net income of "Losses by Corporation.— In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise."

It is the petitioner's contention that the amounts which it paid out during the years 1936 to 1939, inclusive, in settlement of certain compensation claims and for medical and hospital expenses were "casualty" losses within the purview of section 711 (b) (1) (E), quoted above. It submits that the word "casualty" has a very broad connotation (citing *United States* v. *Betty Rogers* (C. C. A., 9th Cir.), 120 Fed. (2d) 244), and that under such connotation the payments here in question qualify as casualty losses.

It is plain that if the petitioner had carried, employers' liability insurance the premiums paid on such policies would be deductible as ordinary and necessary' expenses in carrying on a trade or business. The petitioner elected to be its own insurer. The payments which it made in settlement of claims due to accidents and for medical and hospital expenses took the place of insurance premiums which it otherwise would have paid. They are recurring expenses. They clearly are of the nature of ordinary and necessary expenses.

We furthermore think that the payments here in question logically fall within section 711 (b) (1) (H), quoted above. Where a payment falls within a particular provision of the law, the payment may not be claimed under another and, possibly, broader provision.

Petitioner makes no claim that the amounts of the payments during any of the years in the base period were greater than the average amounts of such awards and expenses paid and allowed as deductions from gross income in the four previous taxable years.

*Decision will be entered for the respondent.*